**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GRK Holdings, LLC, | No. CV10-0050 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| First American Title Insurance Co., et al., | |
| Defendants. | |

Defendants Quarles & Brady LLP, John O'Neal, and Lauren Stein (collectively "Quarles Defendants" and, for the purposes of this motion, "Defendants") move to dismiss Plaintiff's tortious interference with contract and abuse of process claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 56. The motion has been fully briefed (Docs. 56, 59, 65) and the parties do not request oral argument. For the reasons stated below, the Court will grant in part and deny in part Defendants' motion.

**I.   Background.**

The facts alleged in Plaintiff's third amended complaint – which must be taken as true for purposes of this motion to dismiss – are as follows: Plaintiff GRK Holdings, LLC lent money to Shamrock Glenn, LLC ("Shamrock"), and the loan was secured by a deed of trust dated August 23, 2006. Doc. 52 at 3-4. The deed of trust covered a development project comprising 58 properties ("Shamrock Project"). *Id.* at 4. Shamrock failed to pay Plaintiff by the maturity date of October 31, 2006. *Id.* Shamrock also sold several properties, and buyers received title insurance policies from, *inter alia*, Security Title Agency, Inc. ("STA"), a defendant in this case. *Id.* at 5. In June 2007, Shamrock tried to obtain additional funds

1 from another lender, and as part of the proposed transaction GRK agreed to a partial release 2 and partial reconveyance of the deed of trust. *Id.* at 5-7. The partial release covered 16 units, 3 with GRK retaining a security interest in the remaining 42 units. *Id.* STA acted as the 4 escrow agent for this transaction, erroneously recorded a full release of all 58 units, and later 5 corrected the record. *Id.* at 6, 8.

6 Later that year, GRK ordered a trustee sale to foreclose on its remaining interest in 42 7 units. *Id.* at 7. STA hired the Quarles Defendants to represent a group of property owners 8 whose units would be affected by the attempted foreclosure. *Id.* at 9. Although they knew 9 that the full release was filed erroneously by STA, Defendants nonetheless proceeded to file 10 a quiet title action arguing that Plaintiff's deed of trust was invalid. *Id.* at 9, 11. Defendants' 11 clients did not support the litigation against Plaintiff, but acquiesced after Defendants 12 threatened that STA would otherwise cancel the clients' insurance policies or refuse coverage 13 if GRK foreclosed. *Id.* at 9-10. Defendants engaged in the above conduct in order to harass 14 Plaintiff, deprive it of its contractual rights to foreclosure, and attempt to deter it from 15 effectuating its legal rights by "driv[ing] up legal costs needlessly" – the latter being the 16 "primary purpose" of the quiet title action. *Id.* at 10-11, 13. Defendants used the judicial 17 process, including a TRO request and an evidentiary hearing, for allegedly improper 18 purposes. *Id.* at 13.

19 Plaintiff filed an action against several defendants alleging, among other claims, 20 intentional interference with contract and abuse of process. Doc. 52. The Quarles 21 Defendants argue that Plaintiff failed to state a claim for intentional interference with 22 contract because Plaintiff has not alleged that Defendants "caused or induced" a breach of 23 contract and has pled no facts showing that Defendants acted improperly or with the intent 24 to interfere. Doc. 56 at 3, 7-9. Defendants also argue that Plaintiff failed to plead a viable 25 claim for abuse of process because it has not alleged a "legally sufficient" improper purpose 26 and has failed to allege sufficient facts as required by *Ashcroft v. Iqbal*, 129 S. Ct. 1937 27 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Id.* at 3, 9-13. Plaintiff argues 28 that it has pled facts that, if proven, would establish an improper purpose under *Safeway Ins.*

*Co. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005). Doc. 59 at 3-6. Plaintiff also asserts that Defendants' actions constitute abuse of process under *Crackel v. Allstate Ins. Co.*, 92 P.3d 882 (Ariz. App. 2004), that Defendants' purpose of "coerc[ing] GRK into surrendering its valid claim . . . through the harassment and excessive legal fees it would incur" is legally improper, and that its complaint meets pleading standards. Doc. 59 at 6-9.

**II.   Discussion.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

**A.   Intentional Interference with Contract.**

A plaintiff must prove the following elements to succeed on a claim of intentional interference with contractual relations: "(1) existence of a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach [of the contract], (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly." *Safeway*, 106 P.3d at 1025. Defendants dispute the third and fifth elements, arguing that no facts have been pled showing breach or intent to interfere, and that Defendants' actions, even if deemed

interference, were not improper as a matter of law. Doc. 56 at 7-9.

Defendants' primary argument is that their conduct has not induced or caused a breach of the Shamrock-GRK contract: the only breach alleged in the complaint is Shamrock's breach two years before Defendants filed the legal actions relevant to this motion. Doc. 56 at 7. Plaintiff responds that the breach Defendants caused was preventing Plaintiff from foreclosing, thereby frustrating Plaintiff's contract expectations. Doc. 59 at 4:16-19. Plaintiff makes a passing citation to *Hadley v. Southwest Props., Inc.*, 570 P.2d 190 (Ariz. 1977), and *Bar J Bar Cattle Co. v. Pace*, 763 P.2d 545 (Ariz. App. 1988), but otherwise fails to provide support for this argument. Doc. 59 at 3-4. *Hadley* acknowledges that some courts have recognized the tort of interference with a prospective economic advantage. 570 P.2d at 193. *Bar J Bar* acknowledges the tort of breach of prospective contractual relations. 763 P.2d at 550. But neither case holds that a party can be liable for interfering with a contract when the contract is not breached as a result of the alleged interference, and Plaintiff does not explain how Defendants' filing of the state court lawsuit interfered with some prospective economic advantage GRK expected to received from Shamrock. Moreover, Plaintiff has cited no law for the proposition that a property owner's legal resistance to foreclosure interferes with contract, nor has Plaintiff alleged that Defendants caused the trustee tasked with effecting the foreclosure to breach its contract with Plaintiff. Accordingly, even assuming all factual allegations in the complaint as true, Plaintiff has failed to state a valid claim for relief against Quarles Defendants for intentional interference with contract.[1]

**B.   Abuse of Process.**

An abuse of process claim requires a showing that there was "'(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings.'" *Crackel*, 92 P.3d at 887 (citing *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. App.1982)). Plaintiff can demonstrate an improper ulterior purpose by "showing that the

---

[1] Because Plaintiff failed to allege a breach induced or caused by the Quarles Defendants, the Court need not address Defendants' other arguments with respect to the claim for tortious interference.

1  process has been used primarily to accomplish a purpose for which the process was not
2  designed." *Id.* (citation omitted).

3  Defendants assert that the purpose alleged in their use of judicial process is, as a
4  matter of law, not improper. The Court disagrees as to at least some of the allegations
5  present in Plaintiff's complaint. Plaintiff alleges, for example, that Defendants "caused TRO
6  hearings . . . based upon pleadings *intended* to mislead the state court," caused these and
7  other hearings "in bad faith," and "specifically stated that their primary purpose was to drive
8  up legal costs needlessly in the hopes that GRK . . . would abandon its claims." Doc. 52
9  ¶¶ 81, 83, 85. Arizona Rule of Civil Procedure 11(a) expressly lists harassment, causing
10 unnecessary delay, or needlessly increasing the cost of litigation as improper purposes for
11 a "pleading, motion, or other paper." Accepting the allegations of Plaintiff's complaint as
12 true, the Court finds that Plaintiff has pleaded an improper purpose.

13 Defendants argue in the alternative that even if the complaint properly alleges an
14 improper purpose, their actions were nonetheless the proper technical legal actions to "stop
15 an improper non-judicial foreclosure." Doc. 56 at 13. Whether the attempted foreclosure
16 was proper or improper here involves a factual inquiry that cannot be resolved as a matter
17 of law in a motion to dismiss. Plaintiff has pled facts that, if true, may establish that
18 Defendants' actions were not technically proper.

19 Defendants also argue that Plaintiff failed to plead sufficient facts to meet the *Iqbal*
20 and *Twombly* standard. Doc. 56 at 12. The Court disagrees. The complaint specifically
21 alleges, in the context of specific instances of use of process, that the Quarles Defendants
22 attempted to mislead the state court and that they specifically stated their litigation was
23 intended to drive up GRK's legal fees unnecessarily. These factual allegations, taken as true,
24 state a plausible claim for abuse of process.

1 **IT IS ORDERED** that the Quarles Defendants' motion to dismiss (Doc. 56) is **granted in part** and **denied in part** as stated above.

DATED this 6th day of January, 2011.

David G. Campbell
United States District Judge