**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GRK Holdings, LLC,  )  | No. CV10-0050 PHX DGC |
| Plaintiff,  ) | |
| vs.  ) | **ORDER** |
| First American Title Insurance Co., et al.,  ) | |
| Defendants.  ) | |

**I.    Motion to Amend Answer.**

The Court's December 17, 2010 case management order set a 30-day deadline for amending pleadings in this case. Doc. 63. On January 13, 2011, Defendants Mariscal, Weeks, McIntyre & Friedlander, P.A., Timothy J. Thomason, Charles H. Oldham, and First American Title Insurance Co. ("Moving Defendants") moved to amend their answer to incorporate two additional defenses. Doc. 68. The motion is unopposed and was made prior to the amendment deadline. The Court will grant the motion to amend.

**II.   Rule 12(c) Motion.**

Moving Defendants move for judgment on the pleadings with respect to Plaintiff's tortious interference claim. Doc. 69. The motion has been briefed (Docs. 69, 75, 77) and the parties have not requested oral argument. For the following reasons, the Court will grant the motion.

A motion for judgment on the pleadings pursuant to Rule 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699

1   (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004)
2   (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in
3   the plaintiff's complaint and treat as false the allegations in the defendant's answer that
4   contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is
5   inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home*
6   *Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

7   Under Arizona law, a plaintiff asserting a claim of tortious interference with
8   contractual relations must show: "(1) existence of a valid contractual relationship,
9   (2) knowledge of the relationship on the part of the interferor, (3) intentional interference
10  inducing or causing a breach, (4) resultant damage to the party whose relationship has been
11  disrupted, and (5) that the defendant acted improperly." *Safeway Ins. Co. v. Guerrero*,
12  106 P.3d 1020, 1025 (Ariz. 2005) (quoting *Wells Fargo Bank v. Ariz. Laborers, Teamsters*
13  *& Cement Masons Local No. 395 Pension Trust*, 38 P.3d 12, 31 (Ariz. 2002)).

14  Moving Defendants argue that Plaintiff's tortious interference claim fails on the merits
15  because the Court dismissed Plaintiff's tortious interference claims against other defendants
16  in this case under Rule 12(b)(6). Doc. 69. In dismissing the tortious interference claims
17  against Quarles & Brady LLP, John Maston O'Neal, and Lauren Elliott Stine (collectively
18  "Quarles Defendants"), the Court held that Plaintiff failed to plead a breach of contract
19  caused by the Quarles Defendants. Doc. 66 at 4 & n.1.

20  In opposing the Rule 12(c) motion, Plaintiff first urges that it had a contract with
21  Shamrock Glen that allowed Plaintiff to foreclose on development properties in case of
22  default, and that because of Moving Defendants' representation of homeowners contesting
23  foreclosure, Plaintiff "was not allowed to comply with [the contract's] terms . . . and
24  foreclose." Doc. 75 at 4-5. As with the claim against the Quarles Defendants, however,
25  Plaintiff does not allege that Moving Defendants induced or caused Shamrock Glen to breach
26  its contract. Plaintiff argues that the purpose of the contract was frustrated by the action of
27  the Moving Defendants, but the tort of intentional interference requires intentional
28  interference inducing or causing a breach. *Safeway Ins. Co.*, 106 P.3d at 1025.

Plaintiff's second argument is that the homeowners who are resisting foreclosure are doing so because of coercion from the title companies and their attorneys. Doc. 75 at 6. Even if true, Plaintiff still has failed to allege that the actions of the Moving Defendants caused or induced a breach of the contract by Shamrock Glen, an essential element of this tort.

**IT IS ORDERED:**

1. Moving Defendants' motion to amend their answer (Doc. 68) is **granted**.
2. Moving Defendants' motion for judgment on the pleadings as to tortious interference (Doc. 69) is **granted**.

DATED this 17th day of March, 2011.

_____
David G. Campbell
United States District Judge