**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GRK Holdings, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>Security Title Agency, Inc.,<br><br>    Defendant. | No. CV10-0050 PHX-DGC<br><br>**ORDER** |

The parties have submitted a Proposed Final Pretrial Order (Doc. 170) as required by the Court's Order Setting Trial (Doc. 168). The proposed order identifies various issues of law to be determined by the Court. This order will address those issues.

1.  Plaintiff contends that it may recover damages from Defendant to compensate Plaintiff for attorneys' fees incurred in defending separate state court actions allegedly caused by Defendant's breach. Plaintiff is correct. As the Arizona Court of Appeals has explained, "the overwhelming general rule is that the victim of a breach of contract may recover damages from the breaching party to compensate for attorneys' fees and costs expended by the victim to defend a separate suit brought against it as a foreseeable result of the breach." *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 603 P.2d 513, 529 (Ariz. Ct. App. 1979). The Court does not conclude that the attorneys' fees claimed in this case were foreseeable as a matter of law. Foreseeability will be a fact determination to be made by the jury.

2. The Court previously precluded Defendant from presenting any evidence that Plaintiff's debt was paid in full. Doc. 168 at 3. Plaintiff contends in the proposed order that Defendant has identified two witnesses, Veronica Belifore and Nicole Zorn, who will testify that Plaintiff received payment in full. Doc. 170 at 9-10. Defendant does not address these witnesses in its response to this legal issue, but does contend that Plaintiff's loan was satisfied in full as a matter of law. *Id.* at 14-15. This issue was decided in the Court's previous order. Defendant will not be permitted to present any evidence at trial, or to argue to the jury, that Plaintiff's debt has been paid in full.

3. Defendant argues that Plaintiff has waived or released its claim for damages on Unit 122 by virtue of a release of the deed of trust. Defendant quotes release language, but provides no citation for the quoted language and otherwise fails to identify evidence in the record in support of its position. Nor does Defendant cite any legal authority in support of its requested ruling. As a result, Defendant has provided no basis for the Court to rule on this issue as a matter of law.

4. Defendant argues that Plaintiff released its claim for lost proceeds on Unit 122 by virtue of a settlement agreement entered in the state court litigation. Doc. 170 at 14. Again, Defendant does not cite to a document or portion of the record in support of this argument, or provide a copy of the settlement agreement that purportedly effectuated this release. As a result, Defendant has provided no basis for the Court to rule in its favor as a matter of law.

5. Defendant contends that Plaintiff was junior to $912,500 in secured obligations covering Units 119 and 122 and therefore would have been entitled to no sales proceeds from these units. Doc. 170 at 15. Defendant again fails to provide any exhibit or citation to the record in support of this assertion. As a result, the Court cannot rule in its favor as a matter of law.

6. Defendant contends that Plaintiff's damages were reduced by $100,000 through a March 26, 2006 agreement, but does not provide a copy of, or a citation to, the agreement. As a result, the Court cannot rule in Defendant's favor as a matter of law.

As previously stated by the Court, trial will begin on **May 22, 2012 at 9:00 a.m.** The parties should be in the courtroom and ready to proceed no later than 8:30 a.m. on May 22, 2012.

Dated this 23rd day of April, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge